Fuld, J.
Charged with stealing money from two men, named Haag and Sehermond, the appellant stands convicted of grand larceny in the first degree (Penal Law, §§ 1290,1294). Prior to his indictment by a Hew York County Grand Jury for that crime, the appellant was arraigned before a United States Commis *32 sioner and thereafter indicted, under a Federal statute (U. S. Code, tit. 18, § 2314), by a Federal Grand Jury for the crime of inducing Schermond to transport money across state lines in order to defraud him of that money. He entered a plea of not guilty to that indictment and sometime later was released on bail. He was immediately taken into custody by New York City police officers and questioned by them in the absence of counsel. Certain statements which he made were received in evidence upon the trial below and, upon this appeal, it is the appellant’s sole contention that he is entitled to a reversal on the strength of our decisions holding that statements made by a defendant “after arraignment” or “after indictment without counsel are inadmissible We limit ourselves, therefore, to a consideration of that argument, to the applicability of those decisions to the present situation, and refrain from considering or passing upon the more difficult and far-reaching problem whether a person taken into custody for questioning prior to his arraignment or indictment is entitled to be made aware of his privilege to remain silent and of his right to a lawyer if he desires one. (Cf. Escobedo v. Illinois, 378 U. S. 478; People v. Dorado, 62 Cal. 2d 350.)
We have held that an inculpatory statement made by a defendant after his arraignment or indictment, in the absence of counsel, may not be used .against him on a subsequent trial. (See, e.g., People v. Di Biasi, 7 N Y 2d 544; People v. Waterman, 9 N Y 2d 561; People v. Meyer, 11 N Y 2d 162.) We were led to such a rule because an arraignment or indictment “ marks the formal commencement of the criminal action against the defendant.” (People v. Waterman, 9 N Y 2d 561, 565, supra.) Consequently, questioning the defendant after such point, in the absence of counsel, “ impinge [s] upon [his] twofold rights to the assistance of counsel and to freedom from testimonial compulsion ” and “contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime.” (People v. Waterman, 9 N Y 2d 561, 564-565, supra.)
However, as the language of the cases makes clear, the mere fact that the defendant has been arraigned or indicted on one charge does not prevent law-enforcement officials from interrogating him, in the absence of an attorney, about another and *33 different crime — upon which he has been neither arraigned nor indicted—or render inadmissible a confession or other inculpatory statement obtained as a result of such questioning. (See People v. Weinstein, 11 N Y 2d 1098; People v. Lathan, 12 N Y 2d 822.) The reason is clear. With regard to the second crime about which the defendant is questioned, there has not yet been “ the formal commencement of the criminal action ” against him. (People v. Waterman, 9 N Y 2d 561, 565, supra; see, also, Richardson, Evidence [9th ed., 1964], p. 547.) It would be a different matter, of course, if the first arraignment was a “ sham ”, merely “ a pretext for holding the defendant in connection with the investigation ” of the other crime. (See People v. Robinson, 13 N Y 2d 296, 301; People v. Davis, 13 N Y 2d 690.)
Since, in the case before us, there is no doubt about the bona fides of the Federal proceedings, it follows that the New York City police officers were not inhibited by our decisions in cases dealing with post-arraignment and post-indictment statements from questioning the appellant about a crime under the laws of the State of New York.
The judgment appealed from should be affirmed.