■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RONALD TAYLOR, CURTIS TAYLOR and GAIL WHITE, Respondents.— Order entered on January 23, 1969, granting defendants' motion for the suppression of incriminating statements, unanimously reversed on the law, and the motion denied. The fact that defendant was arraigned on one charge and assigned counsel did not interdict law enforcement officials from interrogating defendant, even in the absence of assigned counsel, concerning a different and unrelated crime — upon which he has been neither arraigned nor indicted — committed many weeks before, and after proper *Miranda* warnings were given. Nor does such interrogation render inadmissible a confession or any other inculpatory statement obtained as a result of such questioning. Such procedure is sanctioned by *People* v. *Stanley* (15 N Y 2d 30). And we construe the later case of *People* v. *Simons* (22 N Y 2d 533) to be in complete accord with this view. Concur — Capozzoli, J. P., McGivern, McNally, Steuer and Tilzer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS JOHNSON, Appellant, v. WARDEN, BRONX HOUSE OF DETENTION, Respondent.— Appeal from judgment dismissed as academic due to the death of the relator-appellant. No opinion. Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. FREDDIE GALES.— Motion granted to extent of amending the remittitur to recite the following: "Upon the appeal herein there were presented, and necessarily passed upon, questions under the Constitution of the United States, viz.: Appellant contended that his rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution were violated. The Appellate Division held that there was no violation of appellant's rights." Concur — Stevens, P. J., Eager, Capozzoli, Nunez and McNally, JJ.

■

## (March 24, 1970)

■ SAFEGUARD INSURANCE COMPANY, Appellant-Respondent, v. BEN ROSEN et al., Respondents-Appellants.— Order entered June 17, 1969, denying motion and cross motion for summary judgment unanimously modified, on the law, to the extent of granting the motion as to defendant-appellant Forscher, and, as so modified, affirmed, without costs and without disbursements. The plaintiff's affidavits and exhibits do not evidence a cause of action against said defendant. Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ.

■ WALTER POOLE, Respondent, v. NICHOLAS SYRAGAKIS, Appellant.— Order entered on or about September 29, 1969, unanimously affirmed as a matter of discretion, without costs or disbursements. Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ.