Scileppi, J.
The question raised in this appeal is whether certain inculpatory statements made by the appellants were elicited by law enforcement officials in violation of their right to counsel under prior decisions of this court.
On March 22, 1968, one Bernhard W. West was killed during a street assault and robbery in Bronx County. The police investigation of this incident was conducted by a Detective Russo who on April 10,1968 learned that appellants Ronald and Curtis *329 Taylor herein and a third defendant, Gail White (who is not a party to the instant appeal) had been arrested for a robbery with a modus operandi similar to that used herein. On April 11, Russo went to the Women’s House of Detention where Gail White had been incarcerated pending trial for the unrelated robbery. He informed her that he was investigating a case where a man had been ‘ ‘ cut and robbed ’ ’ in The Bronx and advised her of her rights under Miranda v. Arizona (384 U. S. 436). She agreed to talk without a lawyer and made a statement implicating the appellants and herself in the West murder. Thereafter, on April 16, 1968, she was brought to the office of Assistant District Attorney Goldsmith, advised of her rights and made another statement. That same day, the appellants were taken to Mr. Goldsmith’s office. Each was advised of his rights, both verbally and by signing a form after having read the same. Thereupon, both appellants gave detailed incriminating statements and were subsequently indicted for the murder of Bernhard West. In January, 1969, a pretrial Huntley hearing was conducted on appellants’ motion to suppress the aforesaid statements. The court found that the Taylor brothers and Gail White had waived their rights under Miranda, but, relying on People v. Vella (21 N Y 2d 249) suppressed all the statements because they had been assigned counsel when they were arraigned on the unrelated robbery charge. On an appeal by the People, the Appellate Division unanimously reversed (34 A D 2d 530) on the authority of our decision in People v. Stanley (15 N Y 2d 30) and ordered that the motion to suppress be denied. The case is here on a certificate issued by an Associate Judge of this court.
Appellants argue that the trial court properly suppressed the incriminating statements and ask us to reinstate that order. We disagree. In People v. Stanley (15 N Y 2d 30, supra) we held that though incriminating statements elicited in the absence of counsel and after the commencement of criminal proceedings by arraignment or indictment are inadmissible at a subsequent trial on charges for which the accused has been indicted or arraigned (see, e.g., People v. Di Biasi, 7 N Y 2d 544; People v. Waterman, 9 N Y 2d 561), the People are still privileged to question the accused as to unrelated crimes in the absence of counsel. As the then Judge Fuld observed (Stanley, supra, at pp. 32-33); *330 “ However, as the language of the cases makes clear, the mere fact that the defendant has been arraigned or indicted on one charge does not prevent law-enforcement officials from interrogating him, in the absence of an attorney, about another and different crime—upon which he has been neither arraigned nor indicted—or render inadmissible a confession or other inculpatory statement obtained as a result of such questioning. (See People v. Weinstein, 11 N Y 2d 1098; People v. Lathan, 12 N Y 2d 822.) The reason is clear. With regard to the second crime about which the defendant is questioned, there has not yet been 'the formal commencement of the criminal action ’ against hi-m. (People v. Waterman, 9 N Y 2d 561, 565, supra; see, also, Richardson, Evidence [9th ed., 1964], p. 547.) ” Inasmuch as in the instant case at the time of the questioning no criminal proceedings had commenced against appellants on the West murder, our postindictment-postarraignment rule does not bar the statements. Appellants, however, argue that they were rendered inadmissible under the rule as enunciated in People v. Donovan (13 N Y 2d 148) and its progeny (see, e.g., People v. Paulin, 25 N Y 2d 445; People v. Arthur, 22 N Y 2d 325; People v. Vella, 21 N Y 2d 249, supra; People v. Gunner, 15 N Y 2d 226). Since appellants never requested counsel during the interrogation and in point of fact specifically waived the right to have counsel present under Miranda v. Arizona (supra), the question presented narrows down to whether the fact that the assistant district attorney knew that counsel had been assigned in another case, renders the statements inadmissible. In support of this position, appellants rely on People v. Vella (supra) where after being arraigned and assigned counsel in New York County on a charge of receiving stolen property, defendant was questioned by the State Police in Suffolk County concerning a burglary of a home in that county and theft therefrom of property involved in the New York County charge. We said (at p. 251) that “ [s]uch interrogation, despite the defendant’s waiver of counsel, was impermissible. Consequently, the confession obtained from him should not have been received in evidence.” Additionally, appellant Curtis Taylor relies on People v. Arthur (supra, at pp. 328-329) where we said that “once the police know or have been apprised of the fact that the defendant is represented by counsel or that an attorney has communicated with *331 the police for the purpose of representing the defendant, the accused’s right to counsel attaches
We hold that neither Vella nor Arthur mandate a reversal herein as it is our view that the Appellate Division correctly determined that the statements were admissible under People v. Stanley (supra). Firstly, we see no merit whatsoever to appellants’ contention that the Stanley rule has not survived the Donovan cases (see People v. Jackson, 22 N Y 2d 446; People v. Simons, 22 N Y 2d 533; People v. Malloy, 22 N Y 2d 559). In Stanley (supra, at p. 33), we added that “ [i]t would be a different matter, of course, if the first arraignment was a. ‘ sham ’, merely ‘ a pretext for holding the defendant in connection with the investigation’ of the other crime. (See People v. Robinson, 13 N Y 2d 296, 301;, People v. Davis, 13 N Y 2d 690.) ” People v. Vella (supra) is nothing more than an application of the exception contemplated in Stanley. There, the charges in both counties were not unrelated and the arrest by the State Police practically occurred in the presence of the assigned attorney. Though the arraignment by the New York County authorities upon a charge of receiving may have been bona fide, the character of the proceeding changed when the arresting officers immediately turned the defendant over to the waiting police from Suffolk County. The prior arraignment was nothing more than a device to allow the Suffolk authorities to arrest and question on matters which concerned acts which were the foundation to both the New York and Suffolk charges and we held that the statements were inadmissible under both our postarraignment and Donovan rules. In the instant case, counsel was merely assigned to represent appellants at an arraignment on an unrelated charge. This arraignment was not a sham and in point of fact appellants were convicted on the robbery charge and are now serving a sentence pursuant to that conviction. Nor can it be said that the arraignment was a pretext to detain appellants in connection with the investigation of the West murder since the interrogation complained of did not occur until nearly one week had elapsed after the arraignment on the unrelated charge. As we recently said in People v. Hetherington (27 N Y 2d 242, 245): “ Quite obviously, the fact that the defendant may have been represented in the past by an attorney in some unrelated case is, for present purposes, beside the point. In *332 light of People v. Arthur (22 N Y 2d 325, 329, supra) —and the other cases cited above—further questioning of an accused in the absence of counsel is proscribed only after the police learn that ‘ an attorney [has] enter [ed] the proceedings ’ in connection with the charges under investigation. (See, also, People v. Delle Rose, 27 N Y 2d 882, also decided today.) It follows, therefore, that, since the defendant did not have an attorney representing him in this case — or desire one — there was no violation of his right to counsel, and his statements were properly received in evidence.”
Thus, the thrust of our prior decisions is that once the police learn that an attorney has entered the proceeding, it is offensive to our system of justice, in the absence of a waiver, to permit further questioning by representatives of the People. Implicit in this rationale is the concept that the rule does not obtain unless and until the police or prosecutor learn that an attorney has been secured to assist the accused in defending against the specific charges for which he is held. It is, therefore, of no consequence that the law enforcement officials involved herein learned that an attorney had been assigned at the arraignment on the robbery charge since this attorney was in no way connected with the instant criminal proceeding. Moreover, if we were to accept appellants’ interpretation of the Donovan-Vella-Arthur rule, it would then obtain whenever a defendant has had an attorney in any unrelated proceeding. We never intended that the rule should go so far.
Consequently, since appellants neither requested counsel, nor had one entered the proceeding, no right to counsel attached under our State Constitution and the inculpatory statements elicited should not have been suppressed.
Accordingly, the order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed.