■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BACOME, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered June 21, 1974, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny, and sentencing him to an indeterminate term of imprisonment of not more than seven years on the burglary conviction and a sentence of one year on the petit larceny conviction, said sentences to run concurrently. Defendant contends that the trial court erred in denying his motion to suppress an

alleged oral confession made by him to Elmira Police Detective, John Bailey. The record indicates that Bailey questioned the defendant at the Chemung County Jail on January 12, 1974 while the defendant was incarcerated on a nonrelated charge in connection with which the police knew he was being represented by the Public Defender. The record establishes that defendant was advised of, and intelligently waived, his *Miranda* rights *(Miranda v Arizona,* 384 US 436), but it is urged that the confession be suppressed because the police knew of defendant's representation by the Public Defender. The Court of Appeals has held that mere knowledge that a defendant is represented on one charge, does not prevent law enforcement officers from interrogating him concerning a different crime on which he has · been neither arraigned nor indicted, provided no attorney has entered the proceedings relating to such different charge which is the subject of the interrogation *(People v Taylor,* 27 NY2d 327; *People v Stanley,* 15 NY2d 30). In the present case, there was no indication that defendant was represented, at the time of the interrogation, upon the burglary charge; in fact, the Public Defender was not even aware of the crime or any connection between it and the defendant. Thus, the interrogation was permissible under the guidelines established in *Taylor (supra),* wherefore a confession obtained as a result of such interrogation is not rendered inadmissible. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.