THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIAM ERMO, Appellant.

Second Department, January 30, 1978

## APPEARANCES OF COUNSEL

*William J. Ciolko (Marshall L. Brenner* of counsel), for appellant.

*John R. King, District Attorney (Bridget R. Rahilly* of counsel), for respondent.

## OPINION OF THE COURT

SUOZZI, J.

The issue to be decided on this appeal is whether defendant's waiver of counsel during his questioning on a murder charge was invalid due to the absence of counsel who had been assigned to represent defendant on a separate assault charge.

### THE FACTS

Defendant, an 18-year-old with a mild degree of mental retardation, stands convicted of murdering a young girl, one Ursula Schiba, in Poughkeepsie on August 3, 1971, during the commission of the crime of sexual abuse. The conviction was, to a large extent, based upon a series of inculpatory statements that defendant gave to the police on March 14, 15 and 22, 1972.

The defendant was originally brought to a police station in Poughkeepsie on March 14, 1972 because he matched a composite sketch of a suspect who had assaulted a young girl and "put snow up under" her dress the day before, i.e., March 13, 1972. He was given his *Miranda* rights and signed a written waiver of those rights. He first denied, then later admitted, having committed the assault of March 13, 1972 and was identified by the victim of that crime. The defendant was then asked by the police whether he had known the young girl who had been killed in wooded area in Poughkeepsie on August 3, 1971. During this interrogation, he confessed to the killing but, shortly thereafter, recanted his confession.

On March 15, 1972, the following day, defendant was arraigned on the assault charge. A public defender was assigned to represent him on that charge, a fact of which the police

were aware, and defendant remained in police custody. Thereafter, on that same day, March 15, 1972, defendant was given his *Miranda* rights, which he waived, and, in response to questioning, he gave an inculpatory statement to the police concerning the killing of the young girl on August 3, 1971.

Defendant was eventually granted bail on the assault charge and was released from custody. On March 22, 1972 defendant was picked up at his high school and taken to the District Attorney's office. Defendant was again given his *Miranda* rights, which he waived, and in response to questioning he again gave an inculpatory statement to the police concerning the killing of the young girl on August 3, 1971. Defendant was thereafter arraigned on the murder charge and taken to the county jail.

In denying defendant's motion to suppress, the County Court held, with regard to the effect of defendant's arraignment and assignment of counsel on the assault charge, as follows: "The mere fact that the defendant had been arrested on the assault charge on March 14, 1972 and arraigned the next morning prior to the interrogation concerning the Ursula Schiba case did not preclude police officer * * * or the district attorneys from questioning him about this other different and unrelated crime of murder in the absence of the attorney assigned to him in the assault proceeding providing he was accorded his Miranda warnings and voluntarily and intelligently chose to respond to the questions *(People v Stanley,* 15 N.Y. 2d 30; *People v Simons,* 22 N.Y. 2d 533 * * *)."

In my view, the County Court improperly applied the holding of *People v Stanley* (15 NY2d 30) and *People v Simons* (22 NY2d 533) to the facts at bar.

Any discussion of the issue of waiver of the right to counsel must begin with the rule laid down by the Court of Appeals in *People v Arthur* (22 NY2d 325, 329): "Once an attorney enters the proceeding, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant's right to counsel".

It is true, as the County Court recognized, that the rule of *Arthur* is not absolute and that the fact that a defendant is represented by counsel in a proceeding unrelated to the charges under investigation is not sufficient to invoke the *Arthur* rule *(People v Stanley, supra; People v Hetherington,* 27 NY2d 242, 245; *People v Taylor,* 27 NY2d 327, 331-332).

At first blush, the holdings of the latter cases support the position taken by the County Court. In *People v Taylor (supra)* a man was killed during a robbery and street assault in Bronx County. The police learned that two men had been arrested for another robbery with a *modus operandi* similar to the one under investigation. The two men had also been assigned counsel on the unrelated robbery charge. The police gave the men their *Miranda* rights, proceeded to question them about the felony murder in the absence of the attorney who had been assigned on the unrelated robbery charge and obtained their confessions to the felony murder.

In affirming the denial of defendants' motion to suppress, the court in *People v Taylor* stated (pp 331-332): "In light of *People v. Arthur* * * * further questioning of an accused in the absence of counsel is proscribed only after the police learn that 'an attorney [has] enter[ed] the proceedings' in connection with the charges under investigation * * * It follows, therefore, that since the defendant did not have an attorney representing him in this case * * * there was no violation of his right to counsel, and his statements were properly received in evidence."

I am well aware of the recent decision of the Court of Appeals in *People v Coleman* (43 NY2d 222), which rejected the argument of the defendant therein that his purported waiver of counsel was invalid due to the absence of his attorney. In *Coleman* defendant was brought to two lineups to be viewed by witnesses to a robbery. At the time of the lineups, defendant was incarcerated on an unrelated charge and represented by counsel on that unrelated charge. Defendant was brought to the lineups from his detention cell pursuant to an ex parte order of the New York City Criminal Court which had been obtained by the police. Under those facts, the court in *Coleman* held that defendant had the right to counsel at those particular lineups and that defendant could waive that right in the absence of his counsel since the latter represented defendant on an unrelated charge and did not represent him in the investigation of the robbery complaint for which the lineup order was obtained. The court in *Coleman* restated the rule that (1) once a lawyer has entered a criminal proceeding representing a defendant on a charge under investigation, the defendant may not waive his right to counsel in the absence of the attorney and (2) the presence of counsel in an unrelated proceeding does not "immunize the

defendant from normal, good faith, investigation" of other criminal activity *(People v Clark,* 41 NY2d 612, 615). (The court in *Coleman* ultimately reversed the conviction on the ground that the People failed to establish as a matter of law that defendant voluntarily and intelligently waived his right to counsel; this latter ground has also been raised in this appeal and has been found to be without merit.)

It is my view that the facts herein are significantly distinguishable from those in *Stanley, Coleman* and *Taylor.*

■ In each of those cases, different groups of law enforcement agencies or different teams of police officers were separately involved in the pursuit and investigation of a defendant's participation in various crimes. In the case at bar, defendant was questioned contemporaneously by one team of police officers about two crimes. Specifically, defendant was questioned contemporaneously on March 14, 1972 by the police about the assault and the felony murder. Indeed, it was defendant's inculpatory responses to the questions relating to the assault which led the police to really focus the questioning of March 14, 1972 on the August 3, 1971 felony murder, since both crimes had a sexual flavor or ring to them. After defendant was assigned counsel on March 15, 1972 upon his arraignment on the assault charge alone, the police continued his detention, based on the assault charge, gave defendant his *Miranda* rights and continued to question him that day about the felony murder. However, and this is most significant, even at that interrogation of March 15, 1972, a detective began the interrogation by questioning defendant relative to the assault charge. Similarly, the interrogation of March 22, 1972 was initiated by a detective advising defendant that the District Attorney wanted to speak to him relative to his prior conversations of March 14 and 15, 1972.

From this evidence in the record it is clear that after questioning defendant about the assault and the felony murder simultaneously and securing confessions to both, the police (1) utilized defendant's arraignment on the assault charge to detain him in police custody on March 15, 1972, during which time they further interrogated him about the felony murder (see *People v Taylor,* 27 NY2d 327, 331, *supra),* and (2) referred to the assault and defendant's confession thereto during their questioning on March 15 and March 22, 1972, in a subtle attempt to secure a confession from this

mildly retarded defendant to the more serious crime of felony murder.

Since the assault charge was used by the same team of law enforcement officials as a crucial element in the securing of defendant's confessions of March 15 and March 22, 1972 to the felony murder, it is my view that any purported waiver of defendant's right to counsel during the questioning of March 15 and March 22, 1972 was ineffective in the absence of the public defender who was assigned in the morning of March 15, 1972 to represent defendant on the assault charge, and that the statements made by defendant to the police on those dates should have been suppressed (see *People v Arthur,* 22 NY2d 325, *supra; People v Hobson,* 39 NY2d 479).

If defendant's confessions of March 15 and March 22, 1972 were invalid and improperly admitted into evidence, what then of defendant's conviction? May the conviction stand on the ground that the error was harmless, or is defendant entitled to a new trial?

■ Clearly, the improper receipt of these confessions into evidence constituted constitutional error. Accordingly, to sustain the conviction, it must be shown that there was no reasonable possibility that the jury would have acquitted defendant if the error had not been committed (see *People v Crimmins,* 36 NY2d 230, 242; *People v Almestica,* 42 NY2d 222; *Chapman v California,* 386 US 18, 22-24). In view of the fact that defendant's inculpatory statement of March 14, 1972, which was properly admitted into evidence, also contained a recantation by defendant of his admission to the killing, it is evident that a reasonable possibility did exist that the jury would have reached a different conclusion if the statements of March 15 and March 22, 1972 had been suppressed.

Accordingly, the judgment should be reversed and a new trial ordered.

HAWKINS, J. (dissenting). I dissent and vote to affirm the judgment of conviction.

The majority's opinion distinguishes and, hence, holds inapplicable *People v Stanley* (15 NY2d 30), *People v Taylor* (27 NY2d 327, 331-332) and the most recent ruling in *People v Coleman* (43 NY2d 222). The salient distinguishing factor, however, appears to be that the defendant's questioning was done by the same team of police officers rather than by separate teams or by officers of different jurisdictions. In

essence, the majority finds such facts to be "significantly distinguishable from those in *Stanely, Coleman* and *Taylor.*" In so doing, virtual immunity would be accorded to a defendant involved in unrelated crimes by his mere arrest for a profoundly lesser crime, an extension of *Miranda* which the Court of Appeals has consistently denied. I do not believe that *Stanley* and the other cases are to be so redefined, extended or attenuated.

In *People v Stanley (supra)* incriminating statements made by the defendant, while under a Federal indictment and released on bail, to New York State police officers prior to arraignment or indictment by New York for grand larceny, were admissible although uttered in the absence of counsel.

As noted in the majority opinion herein, the assault charge upon which appellant was initially interrogated was unquestionably an unrelated crime. It involved an assault upon a young girl—not the victim of the homicide—on the previous day, to wit, March 13, 1972. The murder for which defendant was convicted occurred on August 3, 1971.

The majority alludes to defendant having a "mild degree of mental retardation". However, there is nothing in the record to indicate that the appellant lacked such requisite intelligence and comprehension as would render his admission and confessions inadmissible on such ground.

*People v Coleman* (43 NY2d 222, *supra*) does not support the majority's position. There the defendant was subjected to a lineup after being brought from prison, where he was being held on "an unrelated charge." At the outset, the Court of Appeals phrased the issue it had to review as follows (p 224): "We are asked to pass on the question of whether a defendant, incarcerated pending trial on a charge for which he was represented by counsel, may waive, in the absence of an attorney, his right to counsel at a lineup, held in an unrelated investigation, in which his presence was secured pursuant to a court order of removal."

After reviewing the leading cases on the question, both Federal and State, that court held (p 226): "Today we reach this question and decide that the right to counsel may be waived notwithstanding the absence of counsel whom a defendant had retained with respect to a wholly unrelated charge."

The Court of Appeals there also commented upon the anomalous consequences of immunizing a defendant under such

circumstances (pp 226-227): "The fact that defendant was represented by counsel in a proceeding unrelated to charges under investigation is not sufficient to invoke the rule that, once a lawyer has entered a criminal proceeding representing a defendant on a charge under investigation, the defendant may not waive his right to counsel in the absence of the attorney. The representation by counsel must be in the same or related investigation or proceeding. Certainly, the presence of counsel in an unrelated proceeding does not 'immunize the defendant from normal, good faith police investigation' of other criminal activity. (*People v Clark,* 41 NY2d 612, 615.) Since no lawyer representing the defendant had entered the criminal proceedings involving the investigation of the robbery complaint at the time the lineup order was obtained, the defendant could waive his right to counsel."

In *People v Coleman (supra)* suppression was granted, but this was the result of the equivocal nature of the defendant's alleged assent—he "apparently nodded his head affirmatively, a reaction which the police officer assumed to indicate that the defendant understood his rights"—coupled with the defendant's refusal to sign a statement acknowledging that he had been informed of his right to counsel.

In sum, I believe that *People v Taylor* (27 NY2d 327, *supra)* and the most recent determination in *People v Coleman* (43 NY2d 222, *supra)* are controlling and dispositive of this appeal.

DAMIANI, J. P., and TITONE, J., concur with SUOZZI, J.; HAWKINS, J., dissents and votes to affirm the judgment, with an opinion, in which COHALAN, J., concurs.

Judgment of the County Court, Dutchess County, rendered August 16, 1973, reversed, on the law, motion to suppress granted as to those statements made by defendant on March 15 and March 22, 1972, and new trial ordered.