■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NAPOLITANO, Appellant.—Judgment, Supreme Court, New York County, rendered October 13, 1976, convicting defendant, after a jury trial, of two counts of bribe receiving in the second degree and sale of a fraudulent license and sentencing him to two concurrent indeterminate four-year terms of imprisonment and 30 days imprisonment on said respective charges, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on each bribe receiving count to six months to run concurrently with the 30-day sentence imposed on' the conviction of sale of a false or fraudulent license and except as thus modified, affirmed. On February 20, 1976, at approximately 6:30 P.M., defendant was arrested outside his home pursuant to a warrant of arrest and was advised of his constitutional rights. Later that evening, at the office of the Special Narcotics Prosecutor, defendant was told that he had already been indicted for bribe receiving. He was shown a copy of the indictment. He was also confronted by the undercover agent from whom he had allegedly accepted the bribe. He was again informed of his rights and was subsequently questioned both by an Assistant District Attorney and the Special Prosecutor. During the course of this questioning defendant made certain admissions which were received in evidence against him at trial. It was not until an hour and one-half after his arrival at the Special Prosecutor's office that defendant made a telephone call to arrange for an attorney. After a *Huntley* hearing the trial court found that defendant had been properly advised of his rights, that he was not coerced during the questioning by any of the representatives of the prosecutor, and that his co-operation was voluntary and willing. The trial court held that there was no absolute proscription against postindictment custodial interrogation in the absence of counsel where counsel had not yet entered the case. We do not believe this to be the present posture of the law. (See *People v Cole,* 41 NY2d 944; *People v Di Biasi,* 7 NY2d 544; cf. *People v Hobson,* 39 NY2d 479; *People v Meyer,* 11 NY2d 162.) In the circumstances presented, if the Special Prosecutor wished to speak to defendant about his co-operation, we believe he should have been prepared to forego the use of any statements made by defendant in the course of such a discussion. However, because of the overwhelming weight of the People's evidence, we conclude that the

admission of defendant's statements was harmless beyond a reasonable doubt. *(People v Crimmins,* 36 NY2d 230.) Except for the excessiveness of the sentence to the extent indicated we find no merit to the other points raised by appellant. Concur—Silverman, J. P., Evans, Sandler and Sullivan, JJ.; Lynch, J., concurs in the result only.