■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. HENDERSON, Appellant.—Judgment unanimously reversed, on the law, plea vacated, motion to suppress granted, and case remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Following defendant's April, 1972 indictment based upon the robbery of a Syracuse variety store and the shooting of the store clerk, the clerk died as a result of the wounds which he sustained during the robbery. The indictment included robbery, assault and attempted murder counts. Shortly after the store clerk's death, defendant was extradited from Massachusetts where he was confined in connection with an unrelated matter. On June 24, 1972 the Syracuse authorities took the defendant into their custody in Massachusetts and informed him that he was under arrest for murder. Upon his arrival in Syracuse, defendant was advised of his *Miranda* rights and was interrogated in the absence of counsel. He signed a statement in which he admitted committing the robbery and shooting the clerk. He was later arraigned on the indictment. Thereafter the Grand Jury returned a superseding indictment containing, among other charges, two murder counts, and the first indictment was dismissed. Defendant's motion to suppress the confession was denied and subsequently he entered a plea of guilty of felony murder (Penal Law, § 125.25, subd 3). Defendant's confession must be suppressed. "It has long been the law in this State that any incriminating statement made in the absence of counsel by a defendant in response to interrogation relating to the criminal charge under investigation after he has been arraigned or indicted is inadmissible in evidence against the defendant *(People v Waterman,* 9 NY2d 561, 565; *People v Di Biasi,* 7 NY2d 544, 550-551). This rule developed from our view that once an individual has been arraigned or indicted, formal criminal proceedings against him have commenced and any interrogation after that point would infringe upon a defendant's right to counsel and his right to be free from testimonial

compulsion *(People v Stanley,* 15 NY2d 30, 32, citing *People v Waterman, supra,* pp 564-565)." *(People v Townes,* 41 NY2d 97, 102-103; see, also, *People v Napolitano,* 62 AD2d 955; *People v Colon,* 62 AD2d 398; *People v Pannone,* 59 AD2d 725; *People v Cranmer,* 55 AD2d 786; cf. *People v Hobson,* 39 NY2d 479, 490, overruling in principle *People v Lopez,* 28 NY2d 23, cert den 404 US 840.) While the defendant's confession was obtained prior to the return of the superseding indictment, it was nonetheless inadmissible since it was elicited after the filing of the first indictment, which marked the formal commencement of this criminal proceeding, and the interrogation involved the same criminal transaction upon which the first indictment was based (cf. *People v Townes, supra,* pp 103, 104). In view of our determination, we do not consider the other grounds upon which defendant relies for the claim that his confession should have been suppressed. (Appeal from judgment of Onondaga County Court—murder.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.