■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v DAVID A. RUSSELL, Appellant-Respondent.—Order setting aside jury verdict

on robbery count unanimously reversed, on the law; judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: On September 22, 1977, while defendant was in custody on a pending burglary charge on which he was represented by counsel, he was interrogated by police in the absence of counsel for more than nine hours, after which he admitted to the shotgun shooting of one Edward Bielec. Six days later, again without the presence of counsel, the police had defendant re-enact the crime at the victim's home, where the dead body had been found on June 27, 1977. At trial the police testified as to defendant's oral admissions, including his re-enactment of the crime. Defendant's signed statement and his sketch of the crime scene were received in evidence. The jury found him guilty of intentional murder (Penal Law, § 125.25, subd 1), robbery in the first degree (Penal Law, § 160.15, subd 1), and unauthorized use of a motor vehicle (Penal Law, § 165.05, subd 1). He was found not guilty of felony murder (Penal Law, § 125.25, subd 3). On motion, the trial court set aside the robbery verdict on the ground that it was inconsistent with defendant's acquittal on the felony murder count. Defendant appeals from the judgment of conviction and the People appeal from the order vacating the robbery verdict. We first note that the order setting aside the robbery verdict must be reversed. While there may be an apparent inconsistency in the jury's report, the robbery verdict may not be vacated on that basis alone (see *People v Gibson,* 65 AD2d 235). Where "two counts have the same basic elements, and a verdict of guilty is returned in one and a verdict of not guilty is returned as to the other, the verdicts are repugnant and a count upon which a conviction is returned must be dismissed" *(People v Speach,* 49 AD2d 210, 213, citing *People v Bullis,* 30 AD2d 470; see, also, *People v Mitchell,* 64 AD2d 119, 129; *People v Smith,* 61 AD2d 91, 97). The crimes of felony murder and robbery in the first degree do not have the same basic elements and the guilty verdict on the robbery charge is not repugnant to the not guilty verdict on the felony murder charge *(People v Delorio,* 33 AD2d 350). Nor is it of any consequence in this context that the jury found the defendant guilty of intentional murder. Although we do not speculate upon the jury's deliberations (see *People v Williams,* 47 AD2d 262, 266), a verdict of guilty on that count serves to emphasize the intentional nature of the homicidal act, a result not achieved by a felony murder conviction. Although we reinstate the jury verdict, we do not remit for sentencing on the robbery count because a new trial is required for another reason. It is now established that where a defendant in custody is represented by an attorney in a pending criminal matter, the police may not interrogate him as to unrelated crimes in the absence of counsel *(People v Rogers,* 48 NY2d 167). It is of no consequence that defendant has waived his constitutional right to counsel (NY Const, art I, § 6) since the police are proscribed from seeking a waiver of that right in such circumstances *(People v Rogers, supra).* Here the police were fully aware that the defendant was represented by counsel on a pending burglary charge. However, on September 22, 1977, while the police were transporting the defendant from the Onondaga County Correctional Facility to the Madison County Jail in execution of a bench warrant on the burglary indictment, they interrupted the execution of the warrant and conducted the lengthy interrogation of defendant at the Lafayette State Police Barracks. Although the police were of the view that their interrogation of defendant was proper as to crimes unrelated to the charge on which defendant was represented by counsel, there is no longer any doubt that such questioning is impermissible *(People v Rogers, supra).* Defendant's oral and written statements and other incriminating acts made

and done under those circumstances must be suppressed. Their introduction into evidence upon defendant's trial was error which may not be viewed as "harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237) and a new trial is required. The rule of *Rogers,* however, applies only to custodial interrogation and thus we hold that the evidence discovered and seized on July 22, 1977 at defendant's motel room pursuant to a consent search after defendant's knowing and intelligent waiver of his *Miranda* rights, was properly introduced against him at trial. The court's suppression hearing findings in this regard are amply supported in the record. Although it was known to the police that defendant was represented by counsel on the burglary charge, defendant had been released on bail and was free to consent to the search. We note that defendant had been incarcerated at the Onondaga County Correctional Facility from July 23, 1977 to September 22, 1977, having been sentenced on a plea of guilty to criminal possession of stolen property. While there he consulted with an attorney concerning the Bielec murder investigation and the attorney notified the Deputy Commissioner of the Correctional Facility that defendant was not to be interviewed by any police agency. In view of the conclusion reached on application of *People v Rogers (supra),* there is no need to decide the issue raised on those facts (see *People v Garofolo,* 46 NY2d 592, 599; *People v Pinzon,* 44 NY2d 458, 464). The other issues raised by defendant are without merit. (Appeals from order and judgment of Onondaga Supreme Court—murder, second degree.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.