OPINION OF THE COURT
John Copertino, J.
Defendant, charged with rape in the first degree, moves "for an order suppressing any line-up or photograph identification made as the result of a line-up conducted by the Suffolk County Police Department in violation of the defendant’s rights under the Fourth, and Fourteenth Amendments of the United States Constitution, and the defendant’s privilege against self-incrimination and his right to counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution”. In the alternative, defendant requests "a Wade hearing immediately prior to trial.” The People oppose defendant’s motion, stating that "defendant has failed to make any factual allegations which are required pursuant to § 710.60 subd (1) of the CPL” and therefore, "defendant’s motion * * * should be denied as a matter of law pursuant to § 710.60 (3) (b) of the CPL.” However, in the alternative, the People assert that defendant’s constitutional rights were not violated.
Defendant’s motion herein is supported by an affirmation made by his attorney upon information and belief, the source of his information and the grounds for his belief being the defendant. The affirmation states that the lineup conducted by the Suffolk County Police Department "was conducted without defendant’s consent or waiver of the presence of counsel” and that defendant was "physically forced to participate in a lineup without the benefit of his Miranda warnings or presence of counsel known to the members of the Sixth Precinct to be at that time, representing defendant.”
Defendant’s request for a Wade hearing must be denied inasmuch as he has failed to make any factual showing which would support grounds for such relief; i.e., that the pretrial identification was suggestive and that the procedure was suggestive or either (CPL 710.60, subd 1; People v Roberto H., 67 AD2d 549; People v Fuentes, 74 AD2d 753, 754 [dissenting opn]).
Turning then to defendant’s assertion that his being *484 placed in a lineup violated his privilege against self incrimination and that "the result” should be suppressed, this court is quick to point out that this privilege does not protect a person from being compelled to appear in a lineup. In United States v Wade (388 US 218, 221) the ¡Supreme Court of the United States stated that: "Neither the lineup itself nor anything shown by this record that Wade was required to do in the lineup violated his privilege against self-incrimination. We have only recently reaffirmed ¡that the privilege 'protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *’ Schmerber v. California, 384 U. S. 757, 761.”
This court is of the opinion that the foregoing language is dispositive of defendant’s claim that his privilege against self incrimination was violated. j
Defendant further claims that he was placed in a lineup without the benefit of counsel because "having previously been arrested by the Sixth Fjrecinct of the Suffolk County Police, the said police were aware of the fact that he was represented by henry f. o’brien, esq. on a pending matter in the County Court of Suffolk County and refused and failed to apprise defendant’s counsel of the lineup proceedings”. It should be noted that the "pending matter” on which he was represented by Mr. O’Brien vras a robbery he had pleaded guilty to on June 21, 1979, andj that he was awaiting sentence on that crime when the rapé under consideration was allegedly committed on July 15, 1979, and for which he was arrested on July 17, 1979 — the day on which the questioned lineup was conducted. I
It is well settled that under both the State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th and 14th Arndts) the right to the preserice of counsel at identification viewings is mandated only after the filing of an accusatory instrument (People v Blake, 35 NY2d 331) or after adversary judicial criminal proceedings have been initiated (Kirby v Illinois, 406 US 682). Blake involved a viewing of defendant by two police officers before an accusatory instrument was filed. After being arrested, defendant was placed in a detention cell with approximately 20 male prisoners. Each officer separately viewed this group and identified the defendant. The viewings occurred approximately two hours after defendant’s arrest and shortly before his arraignment. The Court of Appeals held *485 that these identifications, having been made prior to arraignment, did not violate defendant’s right to counsel and were therefore admissible.
However, the court in Blake did discuss two situations where a defendant would be entitled to counsel at a prearraignment lineup although not required under Kirby. When "there is [an] insufficiently explained delay which prevents him [the accused] from obtaining counsel as he would on arraignment” and "[w]hen an accused, at any stage, before or after arraignment, to the knowledge of the law enforcement agencies, already has counsel,” the right to counsel will have attached and any identifications resulting from a lineup conducted in the absence of counsel will be inadmissible (People v Blake, supra, pp 338, 340).
Defendant rests his claim on the latter in that the police knew that defendant had counsel — albeit on an unrelated charge — there being no allegation by defendant that there was "an insufficiently explained delay” in his arraignment. While, defendant literally comes under this language, Blake must be read in the light of the following: " 'the failure to arrange for the presence at the lineup of a defendant’s lawyer, then seeking access to his client, is suggestive of a violation, in spirit at least, of the principles previously laid down by this court’ ” (People v Blake, supra, p 339; italics supplied). The Court of Appeals could only have been referring to a situation where a defendant had not yet had an accusatory instrument filed against him and where the police knew that an attorney was endeavoring to reach the arrestee. In order for defendant to be successful, he must go one step further, and it is for this reason that he apparently relies on the recent Court of Appeals decision in People v Rogers (48 NY2d 167) to support his position that the right to counsel had attached at the time of the lineup.
Rogers involved the admissibility of a statement allegedly uttered by defendant while in police custody. Defendant had been arrested as a suspect in a robbery that had occurred some 10 months earlier. At the time of his arrest, and subsequently at police headquarters, defendant was given the Miranda warnings. After advising the police that he had an attorney, defendant nonetheless consented to speak with police without his attorney being present. After two hours of questioning, a communication was received by the police from defendant’s attorney instructing them to cease questioning his *486 client. At that point, the police ceased questioning the defendant concerning the charge for which he was in custody. However, having allegedly obtained a waiver of his rights, the police continued to question defendant with respect to unrelated matters "in which he had not participated.” (People v Rogers, supra, p 170.) This questioning on the unrelated matters continued for a period of four hours, at which point the police stopped questioning defendant altogether and began processing him on the robbery charge. Thereafter, defendant uttered an inculpatory statement which was overheard by a detective. The trial court denied defendant’s motion to suppress the statement holding that it had been spontaneously volunteered. The Appellate Division affirmed. The Court of Appeals, however, reversed the lower court’s rulings, and held that defendant’s statement was not spontaneously volunteered but was the result of a "course of conduct destructive of dignity with no respite save for a mere half hour” (People v Rogers, supra, p 174). More importantly, the court held that any questioning by the police after receiving the communication from defendant’s attorney, even as to matters unrelated to the charges for which the attorney had undertaken to represent the defendant, was improper. The court held that "once an attorney has entered the proceeding, thereby signifying that the police should cease questioning, a defendant in custody may not be further interrogated in the absence of counsel” (People v Rogers, supra, p 169).
Although this court is aware that the Court of Appeals "has jealously guarded the individual’s * * * right to counsel, demanding that these fundamental rights be accorded the highest degree of respect by those representing the State” (People v Rogers, supra, p 170), it concludes that an identification made at a lineup conducted prior to the filing of an accusatory instrument and in the absence of counsel should not be suppressed where a defendant has been arrested for a crime committed while awaiting sentence in a previous action despite the fact that the police were aware that he was represented by counsel in that action. Rogers can be readily distinguished on its facts from the case at hand. In Rogers, the impermissible questioning on the unrelated matters occurred while defendant was in custody on a charge for which he was actually represented by counsel. There was only one custodial situation. However, in the predent case, the lineup sought to be suppressed arose from a custodial situation which occurred *487 several months after defendant was released from custody on the charge for which he was represented by counsel. This court believes that the fact pattern in Rogers — the single custodial situation — was of fundamental importance to the Court of Appeals in reaching its decision. Absent this, the rule in Rogers should not be applied. Indeed, an examination of Rogers and the cases which preceded it supports such a view.
In Rogers, the court attempted to reconcile what it saw as two conflicting principles concerning defendant’s right to counsel. One, as enunciated in People v Arthur (22 NY2d 325) and later restated in People v Hobson (39 NY2d 479), held that "Once an attorney enters the proceeding, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant’s right to counsel” (People v Arthur, supra, p 329). The second principle, set forth originally in People v Stanley (15 NY2d 30) and again in People v Taylor (27 NY2d 327), stated that the Hobson rule "does not obtain unless and until the police or prosecutor learn that an attorney has been secured to assist the accused in defending against the specific charges for which he is held” (People v Taylor, supra, p 332). Implicit in the latter rule was that the presence of counsel in one matter did not prevent good faith investigation by the police into matters unrelated thereto (see People v Clark, 41 NY2d 612; People v Hetherington, 27 NY2d 242; United States v Garcia, 377 F2d 321). However, in a line of cases decided after Taylor and culminating in Rogers, the Court of Appeals held that the Taylor rule was not applicable under certain circumstances. Each of these cases involved an in-custody defendant charged with a crime and represented by counsel on that particular crime being questioned by police as to unrelated matters.
In People v Ramos, (40 NY2d 610) the first of these cases, defendant was arraigned on a drug charge for which he was represented by counsel. After the arraignment, his attorney advised the police who were about to question defendant on a homicide, that he had told defendant not to make any statements. The police proceeded to question defendant as to the homicide charge, relying on the Taylor rule. The Court of Appeals held the statements made as to the homicide charge should have been suppressed. "[0]ur ruling is based on the attorney’s affirmative and direct action relative to the interro *488 gation which was about to be commenced in connection with the * * * shooting” (People v Ramos, supra, p 617).
In People v Carl (46 NY2d 806), discussed in Rogers as being consistent with Hobson and inconsistent with Taylor, the court held inadmissible statements made by defendant as to supposedly unrelated matters after the Sheriff had been instructed not to speak to defendant by his attorney on the matter for which defendant was in custody. The Court of Appeals held once again that the Taylor rule as to unrelated matters did not apply. "The fact that the police officers questioned the defendant about a different crime than the one for which he was being held is a technicality of little significance in this case. Concededly both incidents involved burglaries or attempted burglaries at the same location * * * and were little more than a week apart” (People v Carl, supra, pp 807-808).
Finally, People v Ermo (47 NY2d 863) involved questioning about a homicide and an assault in the absence of counsel who represented defendant on the ¡assault charge only. Although the court stated that the politic could have questioned defendant on the homicide alone, " 'the assault charge was used * * * as a crucial element in the securing of defendant’s confessions * * * to the felony murder’ ” (People v Ermo, supra, p 865). It should be noted that the critical factor in the court’s decision was the element of exploitation used by the police. Indeed, the court stated that "had defendant been interrogated with respect to the homicide alone, it would have been error to have suppressed his statements on the ground that he had an attorney who was not present; defendant’s representation by that attorney was with respect to the different and unrelated assault charge” (People v Ermo, supra, p 865).
Common to all of the above cases including Rogers, is the fact that a defendant charged with and being held in custody on a particular crime and represented by counsel on that crime was questioned by policé as to unrelated matters. Rogers was the last in this series of cases and set forth the rule that under these circumstances, the police cannot question defendant on the charges for which he is being held or any other unrelated matters. This court does not believe that the Court of Appeals intended Rogers to stand for as broad a rule as defendant contends. Defendant’s interpretation is not supported by either the facts in Rogers or the cases cited therein *489 and discussed above. Moreover, this court’s construction of Rogers is supported by a recent Appellate Division, Fourth Department, decision (People v Russell, 73 AD2d 791). In Russell, a defendant while in custody on a pending burglary charge on which he was represented by counsel was questioned by police on an unrelated homicide. The court held consistently with Rogers, that this questioning was impermissible. More important, however, the court held valid defendant’s consent to search his motel room in connection with the homicide, which consent had been given after counsel appeared for defendant and he had been released on bail on the burglary. The court stated that: "The rule of Rogers, however, applies only to custodial interrogation and thus we hold that the evidence discovered and seized on July 22, 1977 at defendant’s motel room pursuant to a consent search after defendant’s knowing and intelligent waiver of his Miranda rights, was properly introduced against him at trial * * * Although it was known to the police that defendant was represented by counsel on the burglary charge, defendant had been released on bail and was free to consent to the search” (People v Russell, supra, p 793). Russell declared what this court believes was implicit in Rogers, that is, once a defendant is no longer in custody on the charge for which he is represented by an attorney, the protective cloak of Rogers concerning unrelated matters disappears.
In the case at hand, defendant had for several months been released from custody on the charge for which he had an attorney when the lineup in question was conducted on a completely unrelated matter occurring after his release. This court is of the opinion that Rogers is therefore inapplicable. Counsel’s representation of defendant on the earlier charge should not be permitted to carry over to the lineup on the new charge. Were it otherwise any defendant having counsel on pending charges would have counsel for all crimes occurring while the original charges were pending.
A case subsequent to Rogers, People v Johnson (103 Misc 2d 798) limited the Rogers holding as follows: 'Rogers does not hold * * * that there is a sweeping bar to all questioning of a suspect once he has been represented by counsel on any pending criminal matter” (People v Johnson, supra, p 805). The facts in Johnson are similar to those in the case at bar and bear repeating. On November 7, 1979, defendant voluntarily appeared at the police precinct to answer questions con *490 cerning a robbery that had occurred on September 22, 1979. Defendant was advised of his rights, voluntarily waived them and gave incriminating statements. Thereafter, defendant sought to suppress those statements made by him on the grounds that at the time of the questioning, defendant was represented by counsel on an unrelated earlier charge that was still pending. The court held that defendant’s representation on the earlier charge "does not bar his questioning on November 7, 1979, as he was not then represented by an attorney on the September 22, 1979 robbery nor was he questioned on that subject while being held in custody on any other charges for which he was represented by an attorney” (People v Johnson, supra, pp 806-807).
Therefore, this court concludes that defendant was not entitled to counsel at the linjeup in question, there having been no accusatory instrument filed and the defendant having been arrested for a crime occurring after he had been released on the earlier crime for which he had obtained representation. This court reads Rogers as holding that the police cannot exploit the same custody for prior unrelated crimes after counsel has entered the proceedings. It does not read Rogers as holding that once counsel appears the defendant cannot, in the absence of counsel, be jjlaced in a lineup for crimes occurring subsequent to that representation. The spread between the two situations is too wide to be covered by Rogers and thereby invalidate an otherwise admissible identification.
Accordingly, defendant’s motion is in all respects denied.