OPINION OF THE COURT
Memorandum.
The motion to suppress should have been granted because the defendant was represented by counsel when he was questioned by the police in the county jail (People v Hobson, 39 NY2d 479). Indeed following his arraignment, and prior to his being questioned at the county jail, counsel assigned to represent him sent a letter to the Sheriff notifying him of the assignment and directing that no one, other than a relative, be permitted to question or confer with the defendant, without counsel being present. The fact that the police officers questioned the defendant about a different crime than the one for which he was being held is a technicality of little significance in this case. Concededly both incidents involved burglaries or *808 attempted burglaries at the same location, the Tanner Building Company, and were little more than a week apart. In fact the Grand Jury considered the charges together, and the defendant was indicted for both incidents in the same indictment. Thus the charges were sufficiently related (see, e.g., People v Vella, 21 NY2d 249; compare People v Taylor, 27 NY2d 327; People v Hetherington, 27 NY2d 242) and the police should not have questioned the defendant in the absence of counsel.
Since the case must be remitted for further proceedings on the indictment we should note that the court should not have summarily denied the defendant’s request to represent himself (People v McIntyre, 36 NY2d 10). If upon remittal the defendant renews the application the court should make further inquiry to insure that the defendant is fully aware of the consequences (People v Reason, 37 NY2d 351; see, also, People v McIntyre, supra, p 17). The fact that the defendant intends or may intend to present an insanity defense does not preclude him from representing himself provided, of course, he is found competent to proceed (People v Reason, supra).
Accordingly, the order of the Appellate Division should be reversed, the motion to suppress granted, the plea set aside and the case remitted to the trial court for further proceedings on the indictment.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, motion to suppress granted, plea vacated, and case remitted to Chemung County Court for further proceedings on the indictment in a memorandum.