OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Sometime before noon on August 24, 1977, “Ms. McE” reported to both the Spring Valley and the Clarkstown police that she had been raped earlier that morning. On September 26, approximately one month after the alleged incident, the District Attorney of Rockland County sought an order in the Clarkstown Village Court directing defendant to appear for a corporeal lineup in connection with the investigation of the matter. The application was denied, as was a similar application made in the Spring Valley Justices’ Court on September 27, 1977. For the purpose of opposing both applications, defendant was repesented by the Rockland County Public Defender’s office.
On August 24,1978 at 5:45 a.m. “Ms. P” reported to the Spring Valley police that earlier that morning she had been raped by a man in a Cadillac Eldorado. She remembered the license plate number, a check on which revealed that the car had been stolen. Shortly thereafter, at about 8:00 A.M., the car was located with defendant asleep inside. He was arrested, advised of his constitutional rights and taken to the Spring Valley police station. Later that morning he was arraigned on the charge of criminal possession of stolen property. Although advised by the court of his right to counsel, defendant was not represented by an attorney at that arraignment.
*618 Subsequently, defendant was turned over to the Clarkstown police. Again advised of his rights, he was questioned by Detective Hewitt and Rockland County Assistant Dis-r trict Attorney Stephen Lowe for over two hours concerning the theft of the Cadillac and the rapes of both “P” and “McE”, during the course of which defendant made incriminating statements with respect to all three offenses.
Defendant was thereafter indicted on two counts of rape in the first degree and one count of criminal possession of stolen property in the first degree. County Court granted defendant’s suppression motion to the extent of suppressing those statements relating to the charge of criminal possession of stolen property and those relating to the 1978 rape of “Ms. P”. It found admissible, however, the statements concerning the 1977 rape of “Ms. McE”. On appeal from the judgment of conviction, the Appellate Division reversed and granted the suppression motion in its entirety. We now affirm.
Concerning statements relating to the stolen car: Defendant having been previously arraigned on the count of criminal possession of stolen property and thus his right to counsel having “indelibly” attached, he could not be interrogated concerning that charge in the absence of counsel. The questioning by the police was therefore improper and all inculpatory statements made concerning the stolen car were properly suppressed.
Concerning statements relating to the “McE” rape: The Rockland County Public Defender represented defendant at judicial proceedings directly related to the “McE” rape in September, 1977, a fact of which both the police and the District Attorney’s office were aware. Counsel having once entered the proceedings in connection with the charge under investigation, defendant could not waive his right to counsel in the absence of the attorney, and thus the uncounseled admissions related to the “McE” rape must be suppressed.
Concerning statements relating to the “P” rape: The courts below properly found the postarraignment interrogation an integrated whole, in which the impermissible questioning as to the criminal possession of the stolen vehicle was “so interrelated and intertwined” with, and not *619 fairly separable from, the questioning on the “P” rape that suppression of the latter was required (cf. People v Ermo, 47 NY2d 863). Moreover, as defendant was known to be represented by counsel in connection with the “McE” rape charge, questioning on other matters was precluded (People v Rogers, 48 NY2d 167).
Inasmuch as the plea to the “McE” rape count was based on an erroneous denial of suppression that plea must be vacated. Additionally, we agree with the Appellate Division, and for the reasons stated in the opinion of Justice Guy T. Mangano, that, although the plea to the “P” rape count was made after suppression, nonetheless the plea agreement with respect to the two rape counts was integrated and vacatur of one plea requires vacatur of both.