■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOORE, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County (Felig, J.), both rendered April 30, 1980 convicting him of manslaughter in the first degree and robbery in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial of defendant's motion to suppress a statement made by him (Shaw, J.). Judgments reversed, on the law, motion granted, pleas vacated and case remitted to Criminal Term for further proceedings consistent herewith. On February 16, 1979, the defendant was arrested on a robbery charge. He was taken to the 60th Precinct, and, in the presence of a Detective McGrath of the 10th Homicide Zone, was advised of his constitutional rights. After being informed that Assistant District Attorney Snyder wished to question him about the robbery, the defendant stated that he wanted to first speak to a lawyer. The Assistant District Attorney then ceased questioning the defendant about the robbery, but began to question him about an unrelated homicide. Although the defendant made an exculpatory statement with regard to the homicide, the Assistant District Attorney agreed before Justice Shaw not to make affirmative use of that statement. Defendant was not charged with the homicide on February 16. He was subsequently taken from the 60th Precinct and arraigned on the robbery charge. Counsel was assigned for the defendant at the arraignment. He was later released pursuant to CPL 180.80 when the complainant did not show up for a hearing. On February 28, 1979 defendant was arrested on the homicide charge and taken again to the 60th Precinct. In the presence of Detective McGrath, the defendant was advised of his rights and was questioned by an Assistant District Attorney. At that time defendant made a statement with regard to the homicide. On January 15, 1980 Justice Shaw denied defendant's motion to suppress the statement of February 28, 1979. Also on the same date, defendant moved to withdraw his previous pleas of not guilty which had been entered with respect to both indictments, and to plead guilty. He acknowledged that the only sentence promise was that the court, upon adjudicating the defendant a predicate felon, would impose concurrent sentences of from 5 to 10 years in each case. After the prosecutor acknowledged that no persistent felony information would be filed, the court accepted the pleas and the agreed upon sentences were subsequently imposed. On these appeals, defendant argues that it was error for Criminal Term to have denied his motion to suppress the confession he made to law enforcement officials in the absence of counsel on February 28, 1979. We agree. In *People v Rogers* (48 NY2d 167) it was held that once an attorney has entered the proceeding, a defendant may not be further interrogated in the absence of counsel, even as to a crime unrelated to one for which the defendant has counsel. A waiver of the

right to counsel cannot be sought except in the presence of counsel. (See, also, *People v Miller,* 54 NY2d 616.) "Where to the knowledge of the interrogating officer a suspect being questioned had been arrested by the same law enforcement agency nine days previously on an unrelated charge, statements obtained in consequence of the interrogation must be suppressed if in fact the suspect is represented by an attorney with respect to the unrelated charge even though the fact of such representation is unknown to the officer." (*People v Bartolomeo,* 53 NY2d 225, 229; see *People v Smith,* 54 NY2d 954.) Thus, defendant's February 28 statement regarding the homicide, made in the absence of an attorney, must be suppressed and his conviction of manslaughter in the first degree must be reversed. The statement was given only a few days after he had been arrested by the same law enforcement agency, arraigned, and assigned counsel on the robbery charge. As to the People's contention that *People v Bartolomeo* (*supra*) should not be accorded retroactivity, we note that decisions dealing with the right to counsel in pretrial encounters are to be applied to those cases, such as the one at bar, which are on direct review at the time the change in law occurred. (*People v Pepper,* 53 NY2d 213; see, also, *People v Bell,* 50 NY2d 869.) In addition, we note that defendant's conviction for robbery in the first degree must be reversed. Both pleas were taken with the understanding that defendant would receive a sentence of 5 to 10 years on each charge, with one sentence to run concurrently with the other. Thus, the pleas must be vacated in their entirety to give effect to the plea commitment made by Criminal Term. (*People v Rogers,* 48 NY2d 167, *supra; People v Miller,* 54 NY2d 616, *supra; People v Schaaff,* 77 AD2d 607; *People v Griffith,* 80 AD2d 590.) Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.