■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BALDI, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Queens County, the first rendered November 25, 1974 (Bosch, J.), convicting him of attempted murder, burglary in the second degree, and possession of weapons, upon a jury verdict, and imposing sentence, and the second rendered January 16, 1975 (Balbach, J.), convicting him of murder, after a nonjury trial, and imposing sentence. Among other things, the appeal from the second judgment brings up for review the denial of defendant's motion to suppress his confession. By order dated June 16, 1980, this court reversed the judgments and ordered new trials (*People v Baldi,* 76 AD2d 259). On October 29, 1981, the Court of Appeals reversed the order of this court and remitted the case to this court for further consideration (*People v Baldi,* 54 NY2d 137). Judgment rendered November 25, 1974, affirmed. No opinion. Appeal from the judgment rendered January 16, 1975 held in abeyance and case remitted to Criminal Term to hear and report in accordance with the following memorandum. Criminal Term shall file its report with all convenient speed. By remitting this case to us for consideration of, among other things, the question of whether defendant's June 21, 1972 confession should have been suppressed under *People v Bartolomeo* (53 NY2d 225), the Court of Appeals has indicated that that case has retroactive effect (see *People v Moore,* 87 AD2d 639; cf. *People v Pepper,* 53 NY2d 213). The record of the suppression hearing is, however, inadequate for a determination as to the application of *People v Bartolomeo* (*supra*). Accordingly, we hold the appeal as to the murder conviction in

abeyance and remit the case to Criminal Term for the development of the factual issues relating to the application of *Bartolomeo*. Criminal Term should determine when the police first learned that there existed a pending attempted murder charge unrelated to the matter for which he was brought to the station, and what, if anything, defendant revealed to the officers about this other matter. It is necessary to determine if, prior to or during the questioning, the police learned from any source how old the attempted murder case was, or that it was still open (see *People v Smith,* 54 NY2d 954; *People v Kazmarick,* 52 NY2d 322, 329, n 3). Mollen, P. J., Damiani, Titone and Lazer, JJ., concur.