OPINION OF THE COURT
Richard D. Huttner, J.
Respondent herein seeks to suppress her confession on the ground that her waiver of counsel prior to her making the confession was a nullity and in violation of her constitutional rights.
The respondent is a 15-year-old girl who at the time of her arrest on November 8,1981, misrepresented her age to be 16. Thereafter, she was assigned counsel and arraigned in the Criminal Court on charges including robbery, second degree. On November 9, 1981, Police Officer Round-tree was assigned to investigate the matter. Thereafter, on November 12, 1981, a preliminary hearing was held in Criminal Court culminating in the dismissal of the charges against respondent. Subsequently, on November 24, 1981, as a result of further investigation, Police Officer Round-tree rearrested the respondent on the same charges. Again, respondent misstated her age and after being given her Miranda warnings, and having waived counsel, signed a confession.
*761 At the suppression hearing, Police Officer Roundtree candidly admitted that he knew counsel represented respondent at the preliminary hearing, yet made no effort to contact respondent’s attorney during the custodial interrogation of respondent. Respondent now urges this court to suppress the confession on the ground that she was entitled to counsel during the custodial interrogation and could not waive this right in the absence of counsel. It is respondent’s contention that once counsel entered the case at the preliminary hearing, she could not thereafter be questioned about the same allegations without the presence of her attorney.
A defendant may not waive counsel in the absence of counsel when either:
A. The defendant was previously represented by counsel with regard to the same accusation that is the subject of the current custodial interrogation.
B. Formal judicial proceedings have commenced.
C. There is a pending unrelated charge of which the police are aware, and the defendant is in fact represented on those charges.
A. ACTUAL REPRESENTATION
A right to counsel attaches whether or not formal judicial proceedings have commenced, once there is actual representation by counsel. (People v Miller, 54 NY2d 616; People v Skinner, 52 NY2d 24; People v Hobson, 39 NY2d 479; People v Arthur, 22 NY2d 325; People v Donovan, 13 NY2d 148.) There need not be actual knowledge of an attorney’s entrance into the case. The police are held responsible for maintaining an internal monitoring system to convey knowledge of an attorney’s entry into the matter. (People v Garofolo, 46 NY2d 592, 600-601; People v Pinzon, 44 NY2d 458, 464.)
B. FORMAL JUDICIAL PROCEEDINGS
A right to counsel indelibly attaches at the commencement of a formal proceeding and respondent cannot thereafter waive counsel in the absence of counsel. In New York, it has been held that a formal proceeding is commenced upon the filing of an accusatory instrument {People v *762 Samuels, 49 NY2d 218; People v Settles, 46 NY2d 154). It is irrelevant whether or not counsel has actually entered the case; once formal proceedings have commenced, the defendant cannot make an effective waiver of his rights without the assistance of counsel (see People v Settles, 46 NY2d 154, 159, supra).
C. PENDING UNRELATED CHARGES
The right to counsel when there are pending unrelated charges, attaches when the subject is in custody and the police know of the representation on the other pending charge. (People v Miller, supra; People v Albro, 52 NY2d 619; People v Rogers, 48 NY2d 167.) Recent cases have extended that rule to require inquiry by the interrogating officer if he knows of a prior arrest. (People v Smith, 54 NY2d 954; People v Bartolomeo, 53 NY2d 225.) However, if the inquiry reveals there is a pending unrelated charge, but no representation on that charge, the right to counsel does not attach to the new charge. (People v Kazmarick, 52 NY2d 322, 324.) Likewise, if the defendant was represented on a prior charge that is no longer pending no right to counsel obtains for the current unrelated charge. (.People v Kazmarick, supra, at p 325.)
It is the District Attorney’s contention that in view of the fact that the charges against respondent were dismissed at the preliminary hearing, her right to counsel was also terminated. The relevant issue is not whether or not the proceeding wherein respondent was represented by counsel was terminated, but rather the knowledge that Police Officer Roundtree had that respondent was actually represented by an attorney on the very same charge that was the subject of his interrogation. “Counsel having once entered the proceedings in connection with the charge under investigation, defendant could not waive his right to counsel in the absence of the attorney.” (People v Miller, supra, p 618.) In this case, Police Officer. Roundtree was under an absolute duty to assure the presence of counsel on behalf of respondent before he commenced an interrogation of respondent since he had actual knowledge of counsel’s entrance into this matter at the prior preliminary hearing. Therefore, respondent’s purported waiver of counsel in the *763 absence of counsel was a nullity and suppression of her confession must follow.
One further point requires comment. Even though the police officer could have, in good faith, believed respondent’s assertions that she was 16, he was still not relieved of the responsibility to make a reasonable effort to secure the presence of a parent or guardian before commencing interrogation of the respondent. A minor looks to his parent rather than an attorney for assistance and advice. (People v Harrell, 87 AD2d 21, 24; People v Bevilacqua, 45 NY2d 508; People v Townsend, 33 NY2d 37.)
For the foregoing reasons, respondent’s motion to suppress her confession is granted. The fact-finding hearing shall be held on October 13, 1982 in Part IV.