■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROSS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lomanto, J.), rendered January 10, 1985, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the People met their burden of proving the defendant's guilt beyond a reasonable doubt, notwithstanding the fact that the entire case was based on circumstantial evidence since the evidence excluded every reasonable hypothesis of innocence *(see, People v Sanchez,* 61 NY2d 1022, 1024). While the defendant sought to advance another explanation for his presence at the crime scene, we see no reason to overturn the jury's verdict which indicated their disbelief of the defendant. Great respect is to be accorded to the jurors' resolution of issues of the credibility of the witnesses, since they are in the best position to make these determinations *(see, People v Gruttola,* 43 NY2d 116). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Since defense counsel voiced no objection to the prosecutor's summation, the issue of whether or not the prosecutor im-

properly vouched for the People's witnesses is not preserved for appellate review (see, CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, we find the prosecutor's statements were either a fair response to remarks made by the defense counsel in his summation (see, *People v Hayes,* 116 AD2d 737, *lv denied* 67 NY2d 884) or a proper comment on the evidence adduced at trial (see, *People v Ashwal,* 39 NY2d 105).

Finally, we find that the defense counsel's performance did not deprive the defendant of the "meaningful representation" of counsel to which he was constitutionally entitled *(People v Baldi,* 54 NY2d 137, 147, *on remand* 87 AD2d 843, *appeal after remand* 96 AD2d 212). The defense attorney's failure to request a *Mapp* hearing did not constitute ineffective assistance of counsel (see, *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.