*148 OPINION OF THE COURT
Smith, J.
Applying the principle enunciated in People v Rogers (48 NY2d 167), we conclude that under the circumstances of this case, the custodial interrogation was improper and defendant’s statements made during questioning must be suppressed. The order of the Appellate Division should therefore be affirmed.
Defendant was incarcerated in the Clinton County jail after his arrest and arraignment on rape charges. Defendant was also being held on an unrelated probation violation, for which he was arrested and detained prior to the rape arrest. On December 12,1994, police investigators went to the jail to question defendant concerning the June 1993 disappearance and death of Leo Gebo.
The officers met with defendant in the library of the jail where he was advised of his Miranda rights. Defendant stated that he understood his rights and was willing to speak to the officers. One investigator specifically asked if defendant wanted to speak to an attorney but he declined. Defendant was also informed that he could terminate the interview at any time, and that the officers were aware that he was represented by counsel for the pending rape charge. It was agreed that the officers would not question defendant about the pending charges for which defendant was incarcerated.
Defendant was told that a relative had given a statement regarding defendant’s involvement in the murder of Leo Gebo. Defendant denied that his relative had participated in the murder and instead admitted that he, defendant, had been "high on pot and booze” when the murder occurred. Defendant stated that his relative had tried to stop him from killing Gebo. When an investigator suggested that another party might have been involved, defendant looked "puzzled,” then rose and left the room.
Approximately 15 minutes later, the investigators asked whether defendant would come out of his cell and continue the conversation. Defendant agreed and rejoined the investigators in the library to resume the interview. For about one hour, defendant detailed his involvement in the kidnap, robbery and murder of Gebo. After describing his activities in the murder, defendant agreed to sign a written statement regarding the incident. After the statement was completed, it was given to defendant who read and signed it. Defendant’s Miranda rights were printed at the beginning of the statement. Defendant initialed each right and the waiver clause.
*149 Prior to trial, County Court held a Huntley hearing to determine the validity of defendant’s confession (see, People v Huntley, 15 NY2d 72). The court noted that defendant was in custody on an unrelated charge for which he was represented by counsel. The court further noted that the officers who questioned him knew that defendant was represented by counsel on that charge. County Court found People v Rogers (48 NY2d 167, supra) to be controlling and held that defendant could not waive his Miranda rights under the circumstances. In so holding, the court suppressed the oral and written statements made by defendant pursuant to the invalid waiver of his rights. The Appellate Division affirmed the order of County Court and a Judge of this Court granted leave to appeal. We affirm.
The holding of People v Rogers is clear. There we held that "once an attorney has entered the proceeding, thereby signifying that the police should cease questioning, a defendant in custody may not be further interrogated in the absence of counsel” (People v Rogers, 48 NY2d 167, 169, supra). In People v Bing, we adhered to our holding in Rogers saying:
"Our holding [in Rogers] * * * emphasized that since defendant was represented on the charge on which he was held in custody, he could not be interrogated in the absence of counsel on any matter, whether related or unrelated to the subject of the representation” (People v Bing, 76 NY2d 331, 340 [emphasis added]).
Last year, this Court unanimously reaffirmed its commitment to the holding and principle enunciated in Rogers:
"Importantly, Rogers establishes and still stands for the important protection and principle that once a defendant in custody on a particular matter is represented by or requests counsel, custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease” (People v Steward, 88 NY2d 496, 501 [emphasis added]; see also, People v West, 81 NY2d 370, 377-378).
Our holding in Rogers was grounded in the New York State Constitution and predicated on several important policy considerations which resonate to this day. As this Court stated:
"Our acknowledgment of an accused’s right to the *150 presence of counsel, even when the interrogation concerns unrelated matters, represents no great quantitative change in the protection we have extended to the individual as a shield against the awesome and sometimes coercive force of the State * * * [T]he attorney’s presence serves to equalize the positions of the accused and sovereign, mitigating the coercive influence of the State and rendering it less overwhelming. That the rule diminishes the likelihood of a waiver or self incriminating statements is immaterial to our system of justice” (People v Rogers, 48 NY2d 167, 173, supra).
Notwithstanding the fact that defendant’s statements might pertain to a matter unrelated to the formal representation on a pending charge upon which defendant was in custody, suppression is mandated under Rogers which, in the absence of a counseled waiver, bars further custodial interrogation of a suspect "on any matter” (People v Bing, 76 NY2d, at 340).
Rogers clearly applies to the instant case. Defendant was in custody at the Clinton County jail pursuant to a pending charge of rape and assault.* It is also conceded that defendant had been assigned legal representation following his arraignment and subsequent incarceration on a pending charge. The officers who questioned defendant were fully aware of these facts and proceeded to interrogate the defendant anyway. Under a plain reading of Rogers, the State was prohibited from questioning him under these circumstances.
The People, and the dissent, urge this Court to confine the rule in Rogers only to circumstances when an attorney, in some active fashion, interjects herself into the proceedings and signifies that the police should cease questioning. Under such circumstances, they would condone custodial interrogation on unrelated matters in the absence of an explicit or active invocation of the right to counsel by either defendant or his assigned counsel. That is not Rogers’ holding and teaching and we decline to so limit its reach.
Finally, we underscore that our decision neither expands nor narrows Rogers, which established the principle that a defen *151 dant represented by counsel on the charge on which he is held in custody cannot be interrogated in the absence of counsel "on any matter.” For nearly two decades Rogers has stood as a workable, comprehensible, bright line rule, providing effective guidance to law enforcement while ensuring that it is defendant’s attorney, not the police, who determines which matters are related and unrelated to the subject of the representation. We reject the proposal put forth by the dissent to now modify Rogers to "an actual attorney-client relationship or an invocation of his right to counsel” (dissenting opn, at 160). The dissent’s proposal both upsets the careful balance of interests maintained by Rogers and introduces its own new ambiguities where clarity and certainty are important for the individual as well as the public interest involved.
Accordingly, the order of the Appellate Division should be affirmed.

 We reject the People’s argument that defendant’s "stay” at the Clinton County jail does not constitute "custody” under Rogers. While we have declined to adopt a per se rule that any questioning of an inmate in a correctional facility is "custodial,” here, defendant was incarcerated after a lower court arraignment on a charge of rape in the first degree. We conclude that defendant was "in custody” under the circumstances presented.