OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
Defendant was arrested and interrogated by the Schenectady City police regarding a May 9, 1993 homicide of Michael Wilson and assault of Reginald Barnhill in the City of Schenectady. The Schenectady police also questioned defendant about a Brooklyn gun possession charge, for which he already had legal representation. During the course of his interrogation, defendant gave the police two statements, which he later moved to suppress before the trial court, arguing that his right to counsel on the Brooklyn charge had attached to the Schenectady charge as well.
After the denial of his motion to suppress, defendant was convicted in Schenectady of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and a divided Appellate Division affirmed. One of the two dissenting Justices — concluding that the police interrogation concerning the Schenectady homicide was in fact related to the Brooklyn gun possession charge — granted defendant leave to appeal to this Court. On the central issue that divided the court and led the dissenting Justice to grant leave to appeal — namely, the “relatedness” of the two cases — we agree with the Appellate Division majority that the Brooklyn and Schenectady charges were not so interwoven that any interrogation on the latter would almost necessarily elicit incriminating responses on the former. The only common factual element linking the two was that both involved the same 9 millimeter Clock pistol. Without any other significant unifying factor, that fortuity has no independent legal significance (see, People v Townes, 41 NY2d 97; People v Vella, 21 NY2d 249).
Six months after the Appellate Division rendered its decision in this case, this Court decided People v Cohen (90 NY2d 632). Defendant then changed the focus of his argument from the “relatedness” of the two cases — the issue upon which leave was granted by the Appellate Division Justice — to whether ques *992 tioning by the Schenectady police about the Brooklyn represented crime was discrete or fairly separable from the Schenectady unrepresented crime, and was “purposely exploitive” and “designed to add pressure on defendant to confess” to the unrepresented crime (People v Cohen, supra, 90 NY2d at 642). That argument had not even been mentioned before the trial court.
We are unanimous in the view that the Appellate Division erred in concluding that a failure even to raise that argument before the trial court constituted waiver, and unanimous in the view that defendant is entitled to consideration of his claimed right to counsel violation. However, we cannot agree with defendant that this Court must itself overturn his conviction as a matter of law. Rather, in the present procedural posture of the case, we remit the case to the trial court to determine, based on its review of the record, whether questioning by the Schenectady police in this instance was purposely exploitive and designed to add pressure on defendant to confess to the unrepresented crime.
We take this step for prudential reasons, allowing the trial court (and the Appellate Division if appropriate) to exercise the responsibility it did not previously have, for the first time to apply the law as articulated in Cohen to the facts and inferences presented by the existing record, and without in any way ourselves passing upon the merits of defendant’s new argument. Should the court conclude that there was a violation of defendant’s right to counsel on the basis now urged, defendant’s statements should be suppressed and a new trial ordered. If the court finds that no violation occurred, the judgment of Supreme Court should be amended to reflect that determination.