■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FIBER, Appellant. [692 NYS2d 396] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 8, 1995, convicting him of murder in the second degree (two counts), kidnapping in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated October 14, 1997, which denied his motion pursuant to CPL 440.10 to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's contention, he was not denied effective assistance of counsel. Viewing the defense counsel's performance in its entirety, in conjunction with the evidence, the law, and the circumstances of the case (*see, People v Vanterpool,* 143 AD2d 282), we find that the defendant was provided with meaningful representation.

The trial court properly denied that branch of the defendant's omnibus motion which was to suppress statements made by him to the police with respect to the instant charges. Those statements were made to New York police while the defendant was in custody in New Jersey on charges unrelated to the instant charges (*see, People v Grant,* 91 NY2d 989). At the time of the questioning, the defendant was not represented by counsel and had not requested counsel (*cf., People v Burdo,* 91 NY2d 146; *People v Rogers,* 48 NY2d 167). Further, under New Jersey law, no right to counsel had indelibly attached to the New Jersey charges (*see, State of New Jersey v Tucker,* 137 NJ 259, 645 A2d 111). Accordingly, the defendant's rights vis-á-vis the pending New Jersey charges were not violated (*see, People v Bing,* 146 AD2d 178, 184, *affd* 76 NY2d 331). Suppressing those statements would not serve any interest New York may have in protecting the defendant's right to counsel (*see, People v Bing,* 76 NY2d 331, 345, 351, *supra*).

The defendant's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.