■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COLEY, Appellant. [733 NYS2d 702] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 14, 1999, convicting him of manslaughter in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt.

The People proved that the defendant recklessly caused the death of 14-year-old Salena Slade (*see,* Penal Law § 15.05 [3]; § 125.15 [1]; *People v Licitra,* 47 NY2d 554; *People v Tallarine,* 223 AD2d 738). The defendant danced and posed with a loaded handgun in front of the decedent and two other teenaged females, and while he was handling the gun it discharged, killing the decedent (*see, People v Speringo,* 258 AD2d 379; *People v Johnson,* 205 AD2d 707; *People v Lee,* 159 AD2d 991; *People v Ali,* 146 AD2d 636; *People v Garcia,* 114 AD2d 423). The safety lock on the gun had been disengaged, and notwithstanding that the firing pin did not function properly, the weapon was still capable of being discharged. Moreover, in recognition that it was still a lethal weapon notwithstanding the malfunctioning firing pin, the defendant routinely kept the gun in a secure hiding place. Under these circumstances, the evidence was legally sufficient to establish that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk of death, and that his behavior constituted a gross deviation from the standard of conduct that a reasonable person would observe (*see, People v Licitra, supra*). Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.