■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MADISON, Appellant. [804 NYS2d 339]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 8, 2003, convicting him of murder in the second degree (three counts), criminal possession of a weapon in the second degree, robbery in the first degree (three counts), burglary in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reducing the conviction of murder in the second degree on count one of the indictment to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on that count.

The hearing court properly denied suppression of the defendant's custodial statements, as those statements were made after the defendant voluntarily waived his right to counsel. The defendant claims that his statements should have been suppressed on the ground that he was represented by counsel retained with respect to a robbery which occurred on February 14, 2000 (*see People v West*, 81 NY2d 370 [1993]; *People v Skinner*, 52 NY2d 24 [1980]). On February 18, 2000, the defendant was taken into custody for a homicide which occurred on February 17, 2000, and was questioned about the homicide and a third unrelated crime for which he was not represented by counsel (*see People v Steward*, 88 NY2d 496 [1996]; *People v Napier*, 261 AD2d 347 [1999]). While the defendant was in custody for the homicide, the officer investigating the robbery for which the defendant had counsel filed "supplemental arrest" papers. The Supreme Court held that the "supplemental arrest" did "not convert the defendant's initial custody to one related either to the robbery or [counsel's] representation."

If a defendant is in custody for a crime for which he or she has counsel, the defendant may not waive the right to counsel in the absence of an attorney with respect to the unrelated matter (*see People v Burdo*, 91 NY2d 146 [1997]; *People v Rogers*, 48 NY2d 167 [1979]). However, in the instant case, the defendant was taken into custody and remained in custody for the homi-

cide for which he was not represented by counsel. The defendant had neither retained counsel nor requested counsel with respect to the homicide and the third unrelated crime (*see People v West, supra* at 373-374).

The fact that an accusatory instrument has been filed for a charge as to which a defendant has counsel does not preclude that defendant from waiving the right to counsel with respect to an unrelated matter (*see People v Steward, supra*; *People v Bing*, 76 NY2d 331 [1990]; *People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]; *People v Napier, supra*). In the instant case, no accusatory instruments had been filed. The filing of supplemental arrest papers on a charge for which the defendant has counsel is no more significant than the filing of an accusatory instrument such as an indictment. The fact remains that the defendant was apprehended and taken into custody for the homicide for which he was not represented by counsel (*see People v Steward, supra* at 502). The defendant was not questioned about the robbery for which he was represented by counsel.

On appeal, the defendant contends that the statements should have been suppressed on the ground that the robbery and homicide charges were "so thoroughly interrelated that questioning on one will almost necessarily elicit incriminating responses on the other" (*see People v Cohen*, 90 NY2d 632, 639 [1997]). This contention was not raised by the defendant in the hearing court. However, since the hearing court reviewed this issue when it determined that the crimes were not "so closely related that questioning about the unrepresented crime would be prohibited even in the absence of direct questioning concerning the represented crime," the issue is properly before this Court (*see* CPL 470.05 [2]; *People v Parson*, 282 AD2d 477 [2001]). The robbery for which the defendant was represented by counsel and the homicide for which he was not represented by counsel were not "closely related" since the crimes occurred on different days at different locations and involved different victims.

The defendant further contends that the evidence was legally insufficient to support a finding of depraved indifference murder. His assertion on appeal that the "obvious inference is that the perpetrator fired the gun intentionally" was not raised in the Supreme Court and therefore is not preserved for appellate review. Further the defense counsel at trial described his client's conduct as "negligent" and the trial court submitted the lesser-included offense of manslaughter in the second degree to the jury at his request.

We agree with the defendant that the evidence was legally

insufficient to establish that the defendant acted with depraved indifference to human life (*see People v Payne*, 3 NY3d 266, 271-272 [2004]; *People v Russell*, 91 NY2d 280, 287-288 [1998]). However, it is clear from the record that the defendant acted recklessly. Therefore we reduce the defendant's conviction of murder based upon alleged depraved indifference to human life to the lesser-included offense of manslaughter in the second degree (*see People v Licitra*, 47 NY2d 554 [1979]; *People v Coley*, 289 AD2d 252 [2001]), the judgment is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for resentencing on that count. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.