■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLINS MILLER, Appellant. [874 NYS2d 580]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered October 5, 2005, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was arrested in Ohio pursuant to a federal arrest warrant for his violation of probation in an unrelated case. Shortly thereafter, detectives from the New York City Police Department who had accompanied the federal officials in executing the warrant questioned the defendant about the present case. The defendant voluntarily waived his right to counsel and made incriminating statements. The defendant contends that his statements should have been suppressed because the New York detectives used the federal arrest warrant to circumvent the attachment of his New York constitutional right to counsel.

Under New York law, the state constitutional right to counsel indelibly attaches, and cannot be waived in the absence of counsel, "upon the commencement of formal proceedings, whether or not the defendant has actually retained or requested a lawyer" (*People v West*, 81 NY2d 370, 373 [1993]). The issuance of a federal arrest warrant does not commence a New York state criminal proceeding, and thus does not trigger the indelible right to counsel under New York law (*see People v Ridgeway*, 64 NY2d 952, 954 [1985]). Moreover, a defendant in custody may be questioned about a matter unrelated to the arrest charge if he is not represented by counsel and has not requested counsel (*see People v Fiber*, 261 AD2d 484 [1999]; *cf. People v Burdo*, 91 NY2d 146, 149 [1997]). Here, there was no evidence that the defendant was represented by counsel or had requested counsel on the federal arrest warrant, nor was there any evidence that the federal warrant was intended or employed by the New York detectives as a device for circumventing the defendant's state constitutional right to counsel. The Supreme Court thus properly denied that branch of the defendant's omnibus motion

which was to suppress his statements (*see People v Ridgeway*, 64 NY2d 952, 954 [1985]; *People v Fiber*, 261 AD2d 484 [1999]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of felony murder is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur. [*See* 9 Misc 3d 532.]