■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS COWAN, Appellant. [938 NYS2d 805]—

Contrary to the defendant's contention, the Supreme Court properly declined to suppress certain statements he made to law enforcement officials on the ground that they were obtained in violation of his right to counsel. Although the defendant was represented by an attorney in connection with another burglary that took place in the Bronx at the time he made the statements, the law enforcement officials did not question the defendant about the Bronx burglary, and the two criminal matters were not "so closely related transactionally, or in space or time, that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel" (*People v Cohen*, 90 NY2d 632, 638 [1997]; *see People v Madison*, 22 AD3d 684, 686 [2005]; *People v Rivera*, 277 AD2d 470, 471-472 [2000]).

The Supreme Court providently exercised its discretion in precluding certain evidence of third-party culpability, as the evidence was purely speculative and would have caused undue delay, prejudice, and confusion (*see People v Cameron*, 74 AD3d 1223, 1224 [2010]; *People v Williams*, 64 AD3d 734, 735 [2009], *affd* 16 NY3d 480 [2011]; *People v Decker*, 51 AD3d 686, 687 [2008], *affd* 13 NY3d 12 [2009]).

The defendant's remaining contentions are without merit. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.