WILSON, J.
***366 The issue before us is whether interrogation of Mr. Henry on a murder charge-for which he was not represented by counsel-was prohibited. The Appellate Division held that Mr. Henry's statements regarding the murder should have been suppressed, because the murder charge was factually related to a robbery charge, and Supreme Court had suppressed Mr. Henry's statements regarding the robbery. We conclude that the Appellate Division misapplied CPL 470.15 and the standard established by this Court's decision in People v. Cohen, 90 N.Y.2d 632, 665 N.Y.S.2d 30, 687 N.E.2d 1313 (1997). Therefore, we reverse.
In December 2010, two masked men robbed the occupants of a tattoo parlor at gunpoint, taking a BlackBerry cellphone from one victim. Surveillance footage showed a black Hyundai Sonata with tinted *1058 windows present in the parking lot behind the parlor. Two days later, a masked gunman shot and killed a 19-year-old man who was sitting in a parked car at a gas station convenience store where his friend had gone to make a purchase. An eyewitness reported that the shooter arrived in a ***367 black Hyundai Sonata with tinted windows and sped away in it afterwards.
Five days after the shooting, Mr. Henry-driving a black Hyundai Sonata with tinted windows-sped away when a police car passed by, running two stop signs at 40 **277 m.p.h. before being pulled over. One police officer approaching the car smelled marijuana, and then saw loose marijuana on Mr. Henry's lap. The officers arrested Mr. Henry, and one officer drove the Sonata to the precinct, where it was impounded after a search. Mr. Henry was charged with criminal possession of marijuana, and an attorney was assigned to represent him on that charge. He was subsequently arraigned and released on bail. When arresting Mr. Henry, the police observed several cell phones on the floor of the car; Mr. Henry disclaimed ownership of one of them, a BlackBerry. Following an inventory search of the Sonata and investigation, the police determined that the BlackBerry was the one stolen from the tattoo parlor owner.
Three days after his arrest, Mr. Henry-now driving a different car-was pulled over for speeding; the car's state inspection had also expired. Upon learning that Mr. Henry was wanted for possession of the stolen BlackBerry, the police arrested him and read him his Miranda rights, which he waived. During several hours of questioning about the robbery and the murder, Mr. Henry admitted that he was the driver and identified the passengers, but denied any additional involvement. A grand jury returned an indictment charging Mr. Henry with multiple counts of robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the fifth degree, murder in the second degree, and criminal possession of marijuana in the fifth degree.
Mr. Henry moved to suppress his statements regarding the robbery and murder as having been obtained in violation of his right to counsel, which had attached as to the marijuana charge. Supreme Court suppressed his statements regarding the robbery, reasoning that the robbery and marijuana charges were related under Cohen, because the BlackBerry was obtained as a result of the marijuana arrest. Supreme Court refused to suppress Mr. Henry's statements regarding the murder, because the murder and marijuana charges were completely unrelated. Mr. Henry was convicted by a jury of murder in the second degree, two counts of criminal possession of a weapon in the second degree, criminal possession of marijuana ***368 in the fifth degree, and criminal possession of stolen property in the fifth degree. He was acquitted of the robbery charges. Mr. Henry appealed.
The Appellate Division held that Mr. Henry's statements to the police regarding the murder charge should have been suppressed ( 144 A.D.3d 940, 41 N.Y.S.3d 527 [2016] ). A Judge of this Court granted the People leave to appeal. The People argue that the Appellate Division misapplied Cohen by analyzing the relationship between the murder and the robbery (for which Mr. Henry was not represented by counsel) instead of the murder and the marijuana (for which he was represented).
Generally, a defendant who is represented by counsel may be questioned about a different, unrepresented crime (see People v. Taylor, 27 N.Y.2d 327, 329, 318 N.Y.S.2d 1, 266 N.E.2d 630 [1971] ). However, there are two categories of cases in *1059 which police questioning on an unrepresented crime may violate a defendant's right to counsel[1] : (1) where the two matters **278 are "so closely related transactionally, or in space or time, that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel" ( Cohen, 90 N.Y.2d at 638-639, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ); and (2) where, although the matters are "less intimately connected ... the police [are] aware that the defendant was actually represented by an attorney in one of the matters," and "the interrogation actually entail[s] an infringement of the suspect's State constitutional right to counsel by impermissible questioning on the represented crime" ( id. at 640, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ; see People v. Ermo, 47 N.Y.2d 863, 865, 419 N.Y.S.2d 65, 392 N.E.2d 1248 [1979] ; People v. Miller, 54 N.Y.2d 616, 618-619, 442 N.Y.S.2d 491, 425 N.E.2d 879 [1981] ).
Here, Mr. Henry was represented on the marijuana charge only. However, the Appellate Division did not analyze whether the murder was related to the marijuana charge. Rather, the Appellate Division looked to the relationship between the murder and the robbery. The Appellate Division reasoned that because CPL 470.15 prevented the Appellate Division from reversing Supreme Court's suppression of Mr. Henry's statements concerning the robbery, the Appellate Division was "bound by" Supreme Court's determination "that questioning of the defendant on the robbery charges violated his right to ***369 counsel" when considering the questioning on the murder ( 144 A.D.3d 940, 944, 41 N.Y.S.3d 527 [2016] ). That analysis misinterprets CPL 470.15 and misapplies the standard in Cohen. The Appellate Division should have compared the murder charge to the represented (marijuana) charge; CPL 470.15 does not alter that analysis.
Supreme Court's determination as to the relatedness of the marijuana and robbery has no bearing on the suppression of the statements in connection with the murder charge. CPL 470.15(1) states: "Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant." As the Appellate Division correctly noted, CPL 470.15 prevented it from reversing Supreme Court's order suppressing the statements in connection with the robbery charge. However, for purposes of reviewing the suppression ruling as to the murder charge, CPL 470.15 did not bind the Appellate Division to Supreme Court's determination that the marijuana and robbery charges are sufficiently related. Supreme Court ruled against Mr. Henry as to suppression on the murder charge, so CPL 470.15 does not restrict the Appellate Division from making an independent determination as to the statements about the murder.
Under Cohen, the relevant comparison is between the unrepresented and the represented charges. The first category concerns whether "questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an *1060 entry of counsel" ( Cohen, 90 N.Y.2d at 638, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ; see People v. Townes, 41 N.Y.2d 97, 104, 390 N.Y.S.2d 893, 359 N.E.2d 402 [1976] ). The purpose of the rule is to protect the right to counsel once it has attached; if the questioning on the unrepresented charge will inevitably lead to statements about the represented charge, the statements should be suppressed. However, if the relationship between the unrepresented and the represented charges is insufficient, then "discrete questioning [on the unrepresented **279 charge] by a police officer mindful and respectful of the indelible attachment of defendant's right to counsel [on the represented charge] would not [ ] create[ ] any serious risk of incriminating responses as to the latter crime[ ]" ( Cohen, 90 N.Y.2d at 639-640, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ). Thus, the question the Appellate Division should have considered is whether the murder charge was sufficiently related to the marijuana charge. No evidence ***370 in the record would support that claim; indeed, even Mr. Henry does not press it.
In Cohen, the defendant was represented as to the burglary of Thompson's Garage, in which three guns were stolen; after a robbery-murder at a Citgo gas station with a gun matching one of those stolen from Thompson's Garage, the police questioned the defendant on both crimes. There, we held that the crimes were not so closely related that statements as to the Citgo murder had to be suppressed.[2] In People v. Grant, 91 N.Y.2d 989, 676 N.Y.S.2d 117, 698 N.E.2d 946 (1998), the defendant was questioned about a homicide, for which he was not represented, and a gun possession charge, for which he was represented. The same pistol was implicated in both crimes. Although we sent the case back to the Appellate Division to consider whether the questioning was purposefully exploitative under the second category of Cohen, we held the charges "were not so interwoven that any interrogation on the latter would almost necessarily elicit incriminating responses on the former. The only common factual element linking the two was that both involved the same 9-millimeter Glock pistol. Without any other significant unifying factor, that fortuity has no independent legal significance" ( id. at 991, 676 N.Y.S.2d 117, 698 N.E.2d 946 ).
We have held that charges were sufficiently related when they stemmed from the same incident (see People v. Townes, 41 N.Y.2d at 104-105, 390 N.Y.S.2d 893, 359 N.E.2d 402 [defendant was charged with attempted murder and attempted assault of a police officer, and subsequently filed a civil complaint alleging that he had been illegally beaten by police officers on the night of the incident] ) or took place at the same location and were close in time (see People v. Carl, 46 N.Y.2d 806, 807-808, 413 N.Y.S.2d 916, 386 N.E.2d 828 [1978] ["(B)oth incidents involved burglaries or attempted burglaries at the same location, the Tanner Building Company, and were little more than a week apart"] ). None of those elements is present here, nor has Mr. Henry pointed to any others that may be relevant. The only fact linking the marijuana charge to the murder charge is the Sonata. However, in Grant, we held that two crimes were not sufficiently related where the same pistol was implicated in both ( 91 N.Y.2d at 991, 676 N.Y.S.2d 117, 698 N.E.2d 946 ). Similarly, here, the mere fact that a black Sonata was used in the commission of the murder and was also the vehicle Mr. Henry was driving when the police ***371 discovered marijuana does not *1061 make the murder and marijuana charges "so closely related transactionally, or in space or time, that questioning on the [murder charge] would all but inevitably elicit incriminating responses regarding the [marijuana charge] in which there had been an entry of counsel" ( Cohen, 90 N.Y.2d at 638, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ). Questioning about the murder would not have implicated Mr. Henry's marijuana charge at all.
The questioning of Mr. Henry also did not implicate Cohen 's second category.
**280 The police questioned Mr. Henry about the robbery and murder, but Mr. Henry was not represented on either of those charges at the time. The officers asked Mr. Henry nothing whatsoever about the marijuana charge, so the second category of Cohen is inapplicable.
Accordingly, the order should be reversed and the case remitted to the Appellate Division for consideration of the facts ( CPL 470.25[2][d] ; 470.40[2][b] ) and issues raised but not determined on appeal to that court.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.
Order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts ( CPL 470.25[2][d] ; 470.40[2][b] ) and issues raised but not determined on appeal to that court.

A different rule applies when a defendant is in custody on a charge upon which the right to counsel has attached. In that case, the police are prohibited from questioning the defendant on any matters, related or unrelated (see People v. Burdo, 91 N.Y.2d 146, 149-151, 667 N.Y.S.2d 970, 690 N.E.2d 854 [1997] ; People v. Rogers, 48 N.Y.2d 167, 169, 422 N.Y.S.2d 18, 397 N.E.2d 709 [1979] ).

The statements were ultimately suppressed because, although the crimes were not sufficiently related, the questioning was purposefully exploitative under Cohen's second category (90 N.Y.2d at 642, 665 N.Y.S.2d 30, 687 N.E.2d 1313 ).