People v McCalla (2019 NY Slip Op 03368)





People v McCalla


2019 NY Slip Op 03368


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-01239
 (Ind. No. 1212/14)

[*1]The People of the State of New York, respondent,
v
Tyrone McCalla, appellant.


Law Office of Thomas R. Villecco, P.C., Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered January 5, 2016, convicting him of burglary in the second degree (three counts), grand larceny in the third degree, criminal mischief in the second degree, and criminal mischief in the fourth degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On December 10, 2013, the defendant was taken into custody by officers of the Nassau County Police Department (hereinafter NCPD) after he exited a criminal courtroom in Queens County. He was transported to a police precinct in Nassau County where, after being advised of and waiving his Miranda rights (see Miranda v Arizona, 384 US 436), he was questioned by an NCPD detective about three burglaries that occurred on November 12, 2013, November 13, 2013, and November 22, 2013, respectively, in Nassau County. The defendant was not represented by counsel in connection with the questioning about the alleged burglaries in Nassau County. The detective did not question the defendant about the Queens County matter, in which the defendant was represented by counsel.
The defendant contends that his statements should have been suppressed on the ground that the Nassau County burglaries and Queens County matter were so closely related "transactionally, or in space or time," that any questioning concerning the Nassau County burglaries would "all but inevitably" elicit incriminating statements pertaining to the Queens County matter (People v Henry, 31 NY3d 364, 368 [internal quotation marks omitted]; see People v Cohen, 90 NY2d 632, 638; People v Vella, 21 NY2d 249, 251-252). This contention is unpreserved for appellate review, since this particular issue was not raised by the defendant in the Supreme Court (see CPL 470.05[2]; People v Turriago, 90 NY2d 77, 84; People v Madison, 22 AD3d 684, 686). In any event, there is no evidence in the record to establish that the Nassau County burglaries and the Queens County matter were so closely related transactionally, or in space or time, that [*2]questioning, in the absence of representation, about the Nassau County burglaries would all but inevitably elicit incriminating responses regarding the Queens County matter in which there had been an entry of counsel (see People v Henry, 31 NY3d at 369-370; People v Cohen, 90 NY2d at 638; People v Cowan, 92 AD3d 794, 795; People v Rivera, 277 AD2d 470, 472). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court